UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CV-205-F

| | | |
|---|---|---|
| RONALD GENE BURNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RENT-A-CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the unopposed motion to dismiss [DE-5] filed by Defendant Rent-A-Center ("RAC"). The time for filing a response has expired, and this matter is therefore ripe for ruling.

## I. STATEMENT OF THE CASE

The *pro se* Plaintiff Ronald Gene Burney ("Burney") initiated this action by filing two separate Complaints in this court which were later consolidated into the instant case. In the Complaints, Burney alleges that he was harassed by his co-workers and eventually terminated on the basis of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). RAC now moves to dismiss Burney's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Burney has failed to exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged acts of discrimination.

## II. STANDARD OF REVIEW

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in a complaint will be construed in the nonmoving party's favor and treated as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The court is " 'not so bound with respect to [the complaint's] legal conclusions.' " *Self v. Norfolk Southern* Corp., No. 07-1242, 2008 WL 410284, slip. op. at 1 (4th Cir. Feb. 13, 2008) (per curiam)(quoting *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)). The complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a). If a claim has been adequately stated in the complaint, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1969 (2007).

Dismissal, however, is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). *See generally*, 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate). Furthermore, in considering a motion to dismiss, a court may take judicial notice of matters of public record, and consider documents attached to the complaint and the motion to dismiss, so long as the documents are integral to the complaint and authentic. *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## III. ANALYSIS

RAC contends that Burney's Title VII claims must be dismissed because he failed to satisfy Title VII's exhaustion requirements. To state a claim under Title VII, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC. *See Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 142 (4th Cir. 2002). To be timely, a charge of discrimination must be filed within 180 days after the alleged discrimination occurred, or within 300 days if the proceedings are initially instituted "with a State or local agency with authority to grant or seek relief...." *See* 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Comm. Office Prod. Co.*, 486 U.S. 107, 110 (1988). Failure to file a timely charge with the EEOC bars the claim in federal court. *See McCulloch v. Branch, Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994).

Against this backdrop, RAC asserts that although Burney alleges in his Complaint that he filed charges with the EEOC on June 26, 2005, well before the last date of alleged discrimination on September 29, 2005, the actual charges filed with the EEOC prove otherwise. Specifically, RAC notes that Charge No. 550-2006-01493, which alleges Burney's claims for discrimination based upon sex, was signed and dated by Burney on August 5, 2006, and stamped received by the Raleigh Area Office for the EEOC on August 8, 2006. *See* Mem. in Support of Mot. to Dismiss [DE-6], Ex. 1. RAC also notes that the charge was assigned a 2006 cause number, and within the charge, Burney specifically lists "9-25-2005" as the latest date that discrimination took place. *Id.*

RAC also references Charge No. 550-2006-01407, which alleges Burney's claims for discrimination based upon race. *See* Mem. in Support of Mot. to Dismiss [DE-6], Ex. 2. That charge was signed and dated Burney on August 9, 2006, and stamped received by the San Francisco Area Office for the EEOC on August 17, 2006. Again, this charge was assigned a

2006 cause number, and also lists "9-25-2005" as the latest date that any discrimination took place.

Thus, the record shows that Burney's first Charge was filed, at the earliest, on August 5, 2006--more than 300 days afer the last alleged act of discrimination.[1] Under these circumstances, Burney has failed to timely exhaust his administrative remedies, and his claims for discrimination in violation of Title VII must be dismissed for failure to state a claim. RAC's Motion to Dismiss [DE-5] is ALLOWED.

## IV. CONCLUSION

For the foregoing reasons, RAC's unopposed Motion to Dismiss [DE-5] is ALLOWED and this action is DISMISSED.

SO ORDERED.

This the 15th day of April, 2008.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] The court assumes, for purposes of this motion, that Burney had 300 days to file a charge of discrimination with the EEOC.